UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.:

DIANA MANGONES,

      Plaintiff,

v.

MIAMI DADE COLLEGE,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, DIANA MANGONES ("Ms. Mangones" or "Plaintiff") files this Complaint against Defendant, MIAMI DADE COLLEGE ("MDC" or "Defendant"), and states as follows:

### INTRODUCTION

1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### JURISDICTION, VENUE AND PARTIES

2.    This Court has original jurisdiction over Plaintiff's ADA and FMLA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and this Court also has supplemental jurisdiction over Plaintiff's FCRA, as they arise out of the same operative facts and circumstances as her ADA and FMLA claims.

3.     At all times relevant hereto, Plaintiff was an employee of Defendant.

4.     Plaintiff worked for Defendant in Miami Dade County, Florida, and this venue is therefore proper.

5.     Defendant is located and doing business in Miami Dade County, Florida, and is therefore within the jurisdiction of the Court.

6.     At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

      a.     Plaintiff suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

      b.     Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

7.     Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

8.     At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## CONDITIONS PRECEDENT

10. On or around November 24, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11. More than 180 days have passed since the filing of the Charge of Discrimination.

12. On September 7, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Ms. Mangones worked for MDC, most recently as an ESOL Coordinator, from March of 2005 until her termination on April 19, 2021

16. Ms. Mangones suffers disabilities: she is a breast cancer survivor and therefore a high-risk individual with respect to the COVID-19 virus.

17. In the fall of 2020, Ms. Mangones wisely applied to work from home.

18. Ms. Mangones's request was approved in September of 2020, and the approval was extended into the Spring semester that commenced in January of 2021.

19. On August 14, 2020, MDC also informed Ms. Mangones that she would only be paid for twenty (20) hours per week, rather than her accustomed twenty-five (25) hours per week.

20.    In reality, Ms. Mangones typically worked an extra, entirely uncompensated five (5) to six (6) hours per week after MDC implemented this reduction in paid hours.

21.    The extension of Ms. Mangones's working from home was approved pursuant to MDC's Stage II, which itself was extended until the end of the Summer semester of 2021.

22.    Nevertheless, in mid-February of 2021, MDC Director of Adult Education Luis Rodriguez unaccountably ordered Ms. Mangones to work in person on MDC's premises two (2) days per week.

23.    Concerned, Ms. Mangones asked her MDC Supervisors whether she could simply continue working from home, especially considering that she had not yet been able to schedule and receive a vaccination injection for COVID-19.

24.    Ms. Mangones asked her MDC Supervisors to consider this as a request for reasonable, non-burdensome accommodation under the FCRA and the ADA.

25.    Ms. Mangones's direct Supervisor at MDC, Eddie Alicea, denied Ms. Mangones's request, and refused even to enter into a conversation with Ms. Mangones about reasonable accommodation for her disabilities.

26.    Instead, on April 16, 2021, MDC told Ms. Mangones that she had to apply for unpaid FMLA leave if she desired job protection.

27.    Ms. Mangones did so, but in mid-April of 2021, MDC alleged that Ms. Mangones had not worked enough hours in the preceding twelve (12) months to qualify for unpaid FMLA leave.

28.    In reality, she had, but due to the uncompensated hours that Ms. Mangones had been working, MDC's calculations omitted three hundred (300) hours worked by Ms. Mangones in the twelve (12) month period in question.

29.     Also on April 16, 2021, Ms. Mangones's direct Supervisor, Mr. Alicea, informed Ms. Mangones that MDC had decided to terminate her employment, effective April 19, 2021.

30.     The timing of Plaintiff providing notice of her need for FMLA leave, her requests for reasonable accommodation and Defendant' termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

31.     Defendant interfered with, and ultimately retaliated against, Ms. Mangones because she suffered a serious health condition and because she attempted to avail herself to a period of FMLA leave, or what should have been FMLA leave, in order to treat and address same.

32.     Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

33.     Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her engaging in protected activity under the FMLA.

34.     Defendant's adverse employment action recounted herein was taken in interference with, and retaliation for, Ms. Mangones disclosing her serious health condition, and requiring time off to treat same.

35.     In reality, Defendant's termination of Ms. Mangones stemmed from its discriminatory animus toward her very recent request for accommodation under the ADA and FCRA, and her engaging in protected activity under the FMLA.

36.     Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA, FCRA, and FMLA, were intended to prevent.

37.     Any reason provided by Defendant for its actions is a pretext for discrimination.

38.     The person to whom Plaintiff voiced her requests for reasonable accommodation was a decision-maker in terms of retaliating against Plaintiff by terminating her employment.

39.     The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA and FCRA.

40.     Defendant were aware of Plaintiff's ADA/FCRA-protected disability and Plaintiff's need for reasonable accommodation.

41.     An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

42.     Ms. Mangones is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a ESOL Coordinator.

43.     By reason of the foregoing, Defendant' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

44.     "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

45.     Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation.

46.     At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

47.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

48.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

49.     Defendant did not have a good faith basis for its actions.

50.     As a result of Defendant' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

51.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

<u>COUNT I</u>
<u>DISCRIMINATION UNDER THE ADA BASED ON DISABILITY</u>

52.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 30, and 35 through 51, above.

53.     The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

54.     The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

55.     The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56.     Plaintiff has suffered damages as a result of Defendant' illegal conduct toward her.

57.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

58.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>**COUNT II**</u>
<u>**DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT**</u>
<u>**BASED ON DISABILITY**</u>

59.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 30, and 35 through 51, above.

60.     The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

61.     The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

62.     The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

63.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

64.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

65. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 30, and 35 through 51, above.

67. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

68. Plaintiff's request for reasonable accommodation, constituted protected activity under the ADA.

69. Plaintiff was terminated as a direct result of her request for reasonable accommodation.

70. Plaintiff's protected activity, and her termination, are causally related.

71. Defendant's stated reasons for Plaintiff's termination are a pretext.

72. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

73. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against

Defendant, to deter it and others from such conduct in the future.

74.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

75.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

76.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 30, and 35 through 51, above.

77.    Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

78.    Plaintiff's request for reasonable accommodation, constituted protected activity under the ADA.

79.    Plaintiff was terminated as a direct result of her request for reasonable accommodation.

80.    Plaintiff's protected activity, and her termination, are causally related.

81.    Defendant's stated reasons for Plaintiff's termination are a pretext.

82.    The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

83.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

84.     Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

85.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V
## INTERFERENCE UNDER THE FMLA

86.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8 through 9, 15 through 23, 26 through 37, and 48 through 51, above.

87.     At all times relevant hereto, Plaintiff was protected by the FMLA.

88.     At all times relevant hereto, Defendant interfered with Plaintiff by failing to approve Ms. Mangones for FMLA leave under the false guise that she didn't meet the hours of eligibility requirement.

89.     Defendant denied Plaintiff FMLA benefits she was otherwise entitled to.

90.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

91. As a result of Defendant' willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

92. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VI
## RETALIATION UNDER THE FMLA

93. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8 through 9, 15 through 23, 26 through 37, and 48 through 51, above.

94. At all times relevant hereto, Plaintiff was protected by the FMLA.

95. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use or attempted use of FMLA-protected leave, and for objecting to retaliation.

96. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

97. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

98. As a result of Defendant' intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

99.    As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 23rd day of November, 2022.

Respectfully Submitted,

By: */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com